IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTRA CONSTRUCTION, INC. | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| UNITED STATES FIDELITY & GUARANTY COMPANY | : | |
| Defendant | : | NO. 03-0833 |

**MOTION OF FIDELITY AND DEPOSIT COMPANY
OF MARYLAND TO INTERVENE UNDER RULE 24(a)**

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, Fidelity and Deposit Company of Maryland ("F&D"), by and through its undersigned counsel, respectfully moves this Court for leave to intervene as a Defendant in this civil action and assert the Counterclaim which is attached hereto as Exhibit "A". In support of its Motion, F&D states as follows:

1. Defendant-Intervenor Fidelity and Deposit Company of Maryland ("F&D") is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at 3910 Keswick Road, Baltimore, Maryland.

2. At all times material to the civil action, F&D has been licensed to and has conducted business as a commercial surety in the Commonwealth of Pennsylvania.

3. Plaintiff Westra Construction, Inc. ("Westra") is a Wisconsin corporation with its principal place of business at W7185 Highway 49, Wapun, Wisconsin, 53963. Westra maintains a regional office at 4002 Fenton Avenue, Harrisburg, Dauphin County, Pennsylvania.

4. Defendant United States Fidelity and Guaranty Company ("USF&G") is a Maryland corporation with its principal place of business in Maryland.

5. This Court has subject matter jurisdiction over F&D's counterclaim pursuant to 28 U.S.C. § 1332 (a)(1) in that there is complete diversity of citizenship between the plaintiff and the defendants and the amount or matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

6. This Court has supplemental subject matter jurisdiction pursuant 28 U.S.C. § 1367(a).

### A.   THIS CIVIL ACTION

7. This civil action involves a claim by plaintiff Westra against a payment bond issued by defendant USF&G for labor and materials supplied to the Pennsylvania Turnpike Commission's Central Administration Building project described in Paragraph 8 below.

8. On or about April 30, 1999, CCI and the Pennsylvania Turnpike Commission entered into a contract for renovations and additions to the Central Administration Building of the Pennsylvania Turnpike Commission, located at Turnpike Interchange 19, Eisenhower Boulevard and Route 283, Lower Swartara Township, Dauphin County, Pennsylvania (the "Project").

9. In conjunction with the contract between CCI and the Pennsylvania Turnpike Commission, on or about July 28, 1999, USF&G issued a Payment Bond in the amount of $24,612,843, naming CCI as principal, USF&G as surety, and the Pennsylvania Turnpike Commission as obligee. A true and correct copy of USF&G Payment Bond is attached to Westra's Complaint as Exhibit "A".

10. The USF&G Payment Bond provides in part that:

> The principal and surety hereby jointly and severally agree with the Obligee herein that every person, copartnership, association or corporation, whether as a subcontractor or otherwise, who has supplied materials and labor, including public utility services and reasonable rental of equipment when the equipment rented is actually used at the site, in the prosecution of the work as above provided, and who has not been paid in

full therefor, may sue in assumpsit on this Bond in the name of the Obligee for his, their, or its use, prosecute the same to final judgment for the sum or sums as may be justly due him, them or it, and have execution thereon.

11. On or about August 10, 1999, Westra entered into a subcontract with CCI to perform certain General Trades construction work on the Project for the sum of $8,730,600 (the "Subcontract"). Westra was subsequently awarded the Elevator work of $121,922 as part of Change order No. 2 .

12. On or about March 8, 2000, USF&G sent the Pennsylvania Turnpike Commission a letter, with an accompanying letter from CCI, that CCI was voluntarily defaulting in the performance of its contract with the Pennsylvania Turnpike Commission.

13. After March 8, 2000, USF&G arranged for Alexander Constructors, Inc. ("ACI") to complete the performance of CCI's work under the contract with the Pennsylvania Turnpike Commission.

14. With Westra's consent, Westra's subcontract was subsequently assigned to ACI.

15. Westra fully and faithfully performed all of the work required of it under the Subcontract but alleges that it is still owed $1,699,139.70 for the labor and material that it supplied to the Project and seeks to recover that sum from CCI's and ACI's payment bond surety, USF&G, in this action.

## B.   F&D'S INTEREST IN THIS CIVIL ACTION AND IN THE SPECIFIC FUND SOUGHT BY WESTRA

### 1.   The Agreement of Indemnity Executed by Westra in Favor of F&D

16.   On or about January 1, 1997, Westra made executed and delivered to F&D an Agreement of Indemnity, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated by reference herein.

17.   Among other things, the Agreement of Indemnity provided in Article SECOND that:

> SECOND: The Contractor and Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Contractor or Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Contractor and Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety the Contractor and Indemnitors further agree that in any accounting between the Surety and the Contractor, or between the Surety and the Indemnitors, or either or both of them, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

-4-

### 2.     F&D's Payment Bond Issued on Behalf of Westra

18.    Thereafter, in consideration of and in reliance upon the Agreement of Indemnity, F&D, as surety, issued on behalf of Westra, as principal, a payment bond dated July 23, 1999 in the penal sum of $8,730,600 (the "Payment Bond") in regard to Westra's work on the Project.

### 3.     The Novinger Claims Against the Payment Bond

19.    From October 1999 through February 2000 Westra entered into a series of five sub-subcontract agreements with Novinger's, Inc. and or Novinger Group, Inc. (collectively "Novinger"), under which Novinger agreed to perform certain sub-subcontract work on the Project for Westra.

20.    A dispute arose between Westra and Novinger regarding payments owed to Novinger for base contract work and for alleged extra work performed by Novinger on the Project.

21.    Novinger commenced a lawsuit arising out of its payment dispute with Westra against Westra and against F&D, as Westra's payment bond surety, in the Court of Common Pleas of Dauphin County, Civil Action No. 766 CV 2002, captioned *Novinger Group, Inc. and Novinger's, Inc. v. Westra Construction, Inc. and Fidelity and Deposit Company of Maryland* (the "Dauphin County civil action").

22.    As of December 20, 2007, F&D has paid Novinger $402,486.68 to resolve Novinger's claim. These payments were made in compromise of a claim that exceeded $700,000.

23.    F&D made these payments to Novinger as follows:

    (a)    $202,486.68 on or about February 27, 2006:

    (b)    $200,000 on or about December 20, 2007

### 4. Westra's Liability to F&D and F&D's Interest in the Fund Sought By Westra

24.     By reason of these payments, and under the terms and conditions of the Agreement of Indemnity, Westra is indebted to F&D in the sum of $402,000.

25.     By reason of its payments to Novinger, F&D, as Westra's payment bond surety, is subrogated to any amount that Westra might recover from USF&G, as CCI's and ACI's payment bond surety, in this civil action up to the amount of $402,000.

26.     As Westra's subrogated surety, as a matter of law, F&D's interest in this civil action, and in the specific fund payable from USF&G to Westra, is sufficient to support intervention as a matter of right under Fed.R.Civ.P. 24(a)(2).

27.     F&D has made repeated demand that Westra either pay the sum of $402,000 to F&D or agree that Westra will pay a sum certain to F&D out of recovery Westra obtains from USF&G in this civil action.

28.     F&D's last request to Westra was made in December 2007 and Westra has refused to comply with this request.

29.     F&D believes that if Westra recovers any monies from USF&G in this civil action, Westra will not use any of those monies to indemnify F&D, and F&D's interest in those monies, as Westra's subrogated surety, will be dissipated.

WHEREFORE, Fidelity and Deposit Company of Maryland respectfully requests that this Motion be granted and that it be permitted to intervene as a Defendant in this civil action.

                        Respectfully submitted,

                        WHITE and WILLIAMS LLP

By: _____
     Robert T. Carlton, Jr.
     Attorney No. 25050
     1800 One Liberty Place
     Philadelphia, PA 19103-7395
     (215) 864-6275
     carltonr@whiteandwilliams.com

     *Attorneys for Fidelity and Deposit Company of Maryland*